### TENNY VERNON v. THE STATE.

No. 2909. Decided December 23, 1913.

**1.—Manslaughter—Evidence—Motion for New Trial.**

Where, upon appeal from a conviction of manslaughter, the objections to the exclusion of testimony and introduction of certain testimony was only raised in the motion for new trial, the same could not be reviewed.

**2.—Same—Suspension of Sentence.**

Where the complaint that the court did not submit in his charge to the jury, the question of suspension of sentence was not borne out by the record, there was no error.

Appeal from the District Court of Montague. Tried below before the Hon. R. H. Buck, Special Judge.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of manslaughter, and his punishment assessed at two years confinement in the State penitentiary.

The first three grounds in the motion for the new trial complain of the introduction of certain testimony, and the exclusion of other testimony. As these matters are not presented in any way except in the motion for a new trial, they can not, under the law, be reviewed by us.

The fourth, the only remaining, ground in the motion complains of the action of the court in not submitting the question to the jury of the suspension of the sentence. As the charge copied in the record does submit this question to the jury, and, of course, under such circumstances this ground in the motion presents no error.

Affirmed.

*Affirmed.*

DAVIDSON, JUDGE, absent.